## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**LEROY SEXTON**                                                    **CIVIL ACTION**

**VERSUS**
                                                                   **NO. 17-482-JWD-RLB**
**EXXON MOBIL CORPORATION,**
**ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 15, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**LEROY SEXTON**                                              **CIVIL ACTION**

**VERSUS**

                                                             **NO. 17-482-JWD-RLB**

**EXXON MOBIL CORPORATION,**
**ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (R. Doc. 18) filed by Plaintiff, Leroy Sexton ("Sexton").  The motion is opposed by Exxon Mobil Corporation and ExxonMobil Global Services Company. (R. Doc. 39).  For the following reasons, the undersigned recommends the Motion to Remand (R. Doc. 18) be **DENIED**.

I.     **Background**

Plaintiff initially filed suit on July 7, 2017 in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, alleging injuries sustained as a result of an explosion at a chemical plant in Baton Rouge, Louisiana on or about November 22, 2016. (R. Doc. 1-2).  In his original petition, Plaintiff named the following defendants: Exxon Mobil Corporation, Exxon Mobil Global Services Company, ExxonMobil Chemical Company, ExxonMobil Research & Engineering Company, Brock Industrial Services LLC, Total Safety U.S. Inc., United Rentals (North America), Inc., Flowserve US Inc., and Jonathon Zachary. (R. Doc. 1-2 at 4-5).

On July 25, 2017, Defendants Exxon Mobil Corporation and Exxon Mobil Global Services Company (collectively, the "Removing Defendants"), filed their Notice of Removal, alleging subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). Consents to removal were filed by Total Safety U.S., Inc. (R. Doc. 2), Flowserve US Inc. (R. Doc. 3), Brock Industrial Services, LLC (R. Doc. 4), United Rentals (North America), Inc. (R. Doc. 5),

ExxonMobil Research & Engineering Company (R. Doc. 6), and ExxonMobil Chemical Company (R. Doc. 7) on July 26, 2017. The only defendant not joining in the Notice of Removal or filing a consent to the removal was Jonathon Zachary.

Plaintiff filed his Motion to Remand (R. Doc. 18) on August 23, 2017. The Removing Defendants filed their Opposition on September 12, 2017. (R. Doc. 39).

## II.     Arguments of the Parties

The Removing Defendants allege that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy is in excess of the $75,000 jurisdictional threshold. (R. Doc. 1 at 3).  In their Notice of Removal, the Removing Defendants allege the citizenship of each of the defendants, including an allegation that Defendant Jonathon Zachary ("Zachary") is a citizen of Louisiana. (R. Doc. 1 at 4).

Plaintiff does not dispute the citizenship of any of the defendants. Rather, Plaintiff argues that the presence of Zachary violates the forum defendant rule. (R. Doc. 18-1 at 3).  In support of this argument, Plaintiff posits that Zachary has been properly joined and served. (R. Doc. 18-1 at 3).  The Removing Defendants do not agree, arguing that Zachary was not properly served at the time of removal. (R. Doc. 39 at 1).  The Removing Defendants suggest that Zachary was not served until after they had removed the case to federal court and therefore the forum defendant rule is inapplicable. (R. Doc. 39 at 3).

## III.     Law and Analysis

### A.     Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  When original

2

jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).

A case removed on the basis of diversity jurisdiction may only be removed "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).  This requirement is often referred to as the "forum-defendant rule" and is procedural in nature. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009).

### B.     Analysis

The parties do not dispute that diversity of citizenship is present and that the amount in controversy is satisfied.  The parties also do not dispute that Zachary is a citizen of Louisiana.  When federal jurisdiction is based on diversity, the forum defendant rule provides that a civil action "may not be removed if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).  Plaintiff suggests that Zachary "has been properly joined and served." (R. Doc. 18-1 at 3, citing Ex. A).  Plaintiff attaches the state court citation issued to Zachary

3

reflecting service on July 31, 2017. This is six days after removal. Plaintiff does not address this discrepancy. (R. Doc. 18-2 at 2). Given the record before the Court, it is clear that Zachary had not been served at the time this action was removed.

"Section 1441(b)(2) prohibits removal only where a forum defendant has been 'properly joined and served,' and an otherwise proper removal is thus not rendered defective by the presence of a forum defendant in the action who had not been served at the time of removal." *Gorman v. Schiele*, 2016 WL 3583640 at *6 (M.D. La. May 20, 2016), *report and recommendation adopted*, 2016 WL 3580669 (June 28, 2016) (citing *Reynolds v. Personal Representative of the Estate of Johnson*, 139 F.Supp.3d 838, 842 (W.D. Tex. Oct. 7, 2015)).

The same is true here. Plaintiff filed suit in state court on July 7, 2017, and the Removing Defendants filed their Notice of Removal on July 25, 2017. Zachary was not served until July 31, 2017.[1] (R. Doc. 18-2 at 2). Zachary was not, therefore, "properly joined and served" at the time of removal, as required by the plain language of 28 U.S.C. § 1441(b)(2). This finding, as noted by the court in *Gorman*, comports with the purpose behind the forum defendant rule. That is to say, "[t]he forum defendant rule exists because removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court, but those concerns are absent in cases where the defendant is a citizen of the state in which the case is brought." *Gorman*, 2016 WL 3583640 at *5. Further, this conclusion is consistent with the majority of the district courts in this circuit. *Gorman*, 2016 WL 3583640 at *5 ("The majority of courts that have considered the question, including multiple district courts within this circuit, have ruled that the plain language of § 1441(b)(2) bars removal only where the forum defendant

---

[1] Defendant Zachary has filed a Motion to Dismiss for Insufficient Service of Process asserting that service of state process after removal to federal court is invalid. (R. Doc. 29). That motion is currently pending before the district judge. Regardless of the validity of that service, the instant issue is only whether such service occurred before or after removal.

was properly served at the time of removal, and that the presence of a forum defendant will not create a defect if that defendant was not properly served at the time of removal."). *See also Williams v. Boyd Racing LLC*, 2016 WL 236993, at *3 (W.D. La. Jan. 19, 2016); *Reynolds v. Personal Representative of the Estate of Johnson*, 139 F. Supp. 3d 838, 842 (W.D. Tex. Oct. 7, 2015); *Breitweiser v. Chesapeake Energy Corp.*, 2015 WL 6322625, at *6 (N.D. Tex. Oct. 20, 2015); *Harbey v. Shelter Ins. Co.*, 2013 WL 1768658, at *2 (E.D. La. Apr. 24, 2013); *Holmes v. Lafayette*, 2013 WL 654449, at *1 (N.D. Miss. Feb. 1, 2013); *Evans v. Rare Coin Wholesalers, Inc.*, 2010 WL 595653, at *2 (E.D. Tex. Jan. 28, 2010); *Ott v. Consol. Freightways Corp. of Del.*, 213 F. Supp. 2d 662, 666 (S.D. Miss. 2002).

## IV.   Conclusion

As Zachary had not been served at the time the Removing Defendants filed their Notice of Removal, 28 U.S.C. § 1441(b)(2) does not require remand. Accordingly,

**IT IS THE RECOMMENDATION** of the magistrate judge that the Plaintiff's Motion to Remand (R. Doc. 18) be **DENIED**.

Signed in Baton Rouge, Louisiana, on September 15, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**