# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LEROY SEXTON**  **CIVIL ACTION**

**VERSUS**  **NO. 17-482-JWD-RLB**

**EXXON MOBIL CORPORATION, ET AL.**

## ORDER

Before the Court is defendant Setpoint Integrated Solutions, Inc.'s Motion for Additional Time to Depose Plaintiff's Expert Dr. Robert Enick. (R. Doc. 213) and defendant Exxon Mobil Corporation's Request for Equal Allocation of Deposition Time (R. Doc. 216). Plaintiff has filed a Memorandum in Response. (R. Doc. 219). Flowserve US Inc. has also filed a Memorandum in Response. (R. Doc. 222).

## I. Background

In this personal injury action, Leroy Sexton ("Plaintiff") alleges that he was seriously injured while working on scaffolding at a refinery when a valve malfunctioned and caused an explosion. (R. Docs. 1-1, 100, 109, 187). The current defendants in the action are Exxon Mobil Corporation ("ExxonMobil"), ExxonMobil Global Services Company ("ExxonMobil Global"), ExxonMobil Research and Engineering Company ("ExxonMobil Research"), and Jonathon Zachary ("Zachary") (collectively, "the ExxonMobil defendants"); Brock Industrial Services LLC ("Brock"); Flowserve US Inc. ("Flowserve"); Jacobs Engineering Group, Inc. ("Jacobs"), and Setpoint Integrated Solutions, Inc. ("Setpoint"). In pertinent part, Plaintiff alleges that ExxonMobil and/or ExxonMobil Global owned, supervised, manned, operated, and maintained the refinery; ExxonMobil Research set standards and practices for the ExxonMobil organization with respect to piping and valves; Flowserve and/or Setpoint designed, manufactured, distributed, and installed the valve; Jacobs provided valves to the facility and had expertise in

industry standards in which the ExxonMobil organization would have relied; and Brock owned, erected, maintained, and repaired the scaffolding on which Plaintiff was working at the time of the incident. (R. Doc. 187 at 4-5). Plaintiff brings causes of action for intentional tort and premises liability (against the ExxonMobil entities), products liability (against Flowserve and Setpoint), negligence and gross negligence (against all of the defendants). (*See generally* R. Doc. 187).

On January 21, 2020, Flowserve noticed the deposition of Plaintiff's expert, Dr. Robert Enick, to commence on February 3, 2020, at 10:00 am, in Beaumont, Texas. (R. Doc. 213-3). Dr. Enick's expert report is 245 pages long with 400 pages of appendices, and addresses 14 different topics, including the valve at issue, the underlying alleged malfunction and explosion, comparisons to other valves and prior incidents at chemical plants (including incidents in 1977 and 1980), and ExxonMobil's training materials on valves. (R. Doc. 213-4 at 14; *see* R. Doc. 213-2 at 2-3).

Given the voluminous nature of the expert report, and the breadth of information to be covered at Dr. Enick's deposition, Setpoint now seeks a court order under Rule 30(d)(1) allowing an additional five hours of time for the defendants to depose Dr. Enick. (R. Doc. 213). Setpoint represents that prior to the filing of its motion, the defendants attempted to reach a stipulation with Plaintiff with respect to additional deposition time, but Plaintiff refused to agree to any extension. (R. Doc. 213 at 1).

ExxonMobil has joined Setpoint's motion, further requesting that the Court apportion the defendants' deposition time equally between the four relevant sets of defendants – the ExxonMobil defendants, Flowserve, Setpoint, and Jacobs. (R. Doc. 216).[1] Flowserve has also

---

[1] Brock did not file a memorandum with respect to the issues raised by the instant motions. It appears that Brock will not take an active role in deposing Dr. Enick.

joined Setpoint's motion for additional deposition time, but argues that the equal allocation of deposition time sought by ExxonMobil is inappropriate, given, among other things, that Flowserve is the noticing party and "discussions about the valve at issue encompasses at least 180 pages, or 73% of Dr. Enick's report." (R. Doc. 222).

Plaintiff opposes any extension of the default limit of the deposition to 1 day of 7 hours under Rule 30(d)(1). (R. Doc. 219 at 2). Plaintiff argues that the fact that Dr. Enick's report provides great detail should actually result in the need of fewer deposition questions, the fact that multiple defendants might have an interest in questioning Dr. Enick does not require the requested extension of time, and the Court should otherwise require the defendants to seek additional time only if necessary after the first 7 hours is completed. (R. Doc. 219 at 3-5).

## II. Law and Analysis

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Rule 30(d)(1) governs the duration of depositions by oral examination. "Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). In relevant part, the advisory committee notes provide the following:

> [Rule 30(d)(1)] imposes a presumptive durational limitation of one day of seven hours for any deposition. . . . The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.
>
> Parties considering extending the time for a deposition--and courts asked to order an extension--might consider a variety of factors. . . . In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest. . . . [W]ith regard to expert witnesses, there may more often be a need for additional time--even after the submission of the report required by Rule 26(a)(2)--for full exploration of the theories upon which the witness relies.
>
> It is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court. . . .
>
> The rule directs the court to allow additional time where consistent with Rule 26(b)(2) if needed for a fair examination of the deponent.

Fed. R. Civ. P. 30(d) Advisory Committee Notes to the 2000 Amendment. Consistent with the foregoing, courts require a party to "demonstrate good cause for the extension in light of the relevant scope of discovery" and consider the factors raised in the advisory committee notes. *See Waste Mgmt. of Louisiana, LLC v. River Birch, Inc.*, No. 11-2405, 2017 WL 2256888 (E.D. La. May 23, 2017).

Having considered the arguments of the parties, the Court finds good cause to require Dr. Enick to be <u>available</u> for two days of deposition testimony to not exceed 7 hours each day. In so ruling, the Court highlights that this is a multi-party litigation involving a voluminous expert

4

report covering decades of historical information with respect to chemical plant fires and/or explosions and the design of the valve at issue. The deposition, which is occurring in Texas, will require out-of-state travel by numerous attorneys and, potentially, party representatives. Furthermore, the deponent is a retained expert witness, not a fact witness, and will presumably be paid a reasonable fee for his time pursuant to Rule 26(b)(4)(E). Given the central issues raised by his voluminous report and the number of parties seeking testimony in support of their own positions, the additional day of deposition time will allow for full exploration of the theories upon which Dr. Enick relies. It is impractical in this particular case to require the questioning parties to seek additional time to depose the expert witness only after the first 7 hours is completed. The counsel deposing Dr. Enick shall make good faith efforts (1) to avoid duplicative questioning and (2) to complete Dr. Enick's deposition without requiring two full days of testimony.

Given the foregoing extension of the deposition time, the parties who seek to elicit deposition testimony from Dr. Enick will have sufficient time to question him about his report.[2] It is unclear to the Court, however, why counsel did not attempt to reach any agreement with respect to the allocation of deposition time prior to the filing of the instant motions. This issue should not have surprised any parties. It should have been addressed by counsel, if not fully resolved, well prior to the filing of the instant motions.

Given the record, the Court will require all counsel who seek to question Dr. Enick at his deposition to meet and confer no less than 24 hours prior to the commencement of Dr. Enick's deposition to discuss, in good faith, the allocation of deposition time based upon the subject matter raised in Dr. Enick's report. The Court is simply not in a position to make a

---

[2] It is not altogether clear which defendants are going to seek to question Dr. Enick or whether Plaintiff will elicit any testimony.

strictly proportional allocation of time in light of the record before it. Absent any agreement, the Court will require Flowserve (as the noticing party) to commence questioning of the deponent. Flowserve must make a good faith effort to raise questions common to all interested defendants to prevent duplicative questioning. Furthermore, absent any agreement, Flowserve's time will be limited to 5.5 hours.[3] The remaining deposition time shall be divided equally amongst the remaining interested parties absent any agreement.

## III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Setpoint Integrated Solutions, Inc.'s Motion for Additional Time to Depose Plaintiff's Expert Dr. Robert Enick. (R. Doc. 213) is **GRANTED**. The deposition of Dr. Robert Enick shall commence on February 3, 2020, at 10:00 am, in Beaumont, Texas, and shall remain open for two consecutive days, not to exceed 14 hours.

**IT IS FURTHER ORDERED** that Exxon Mobil Corporation's Request for Equal Allocation of Deposition Time (R. Doc. 216) is **GRANTED IN PART and DENIED IN PART**. All counsel who seek to question Dr. Enick at his deposition shall meet and confer by February 2, 2020, at 10:00 am to discuss, in good faith, the allocation of deposition time based upon the subject matter raised in Dr. Enick's report.

Signed in Baton Rouge, Louisiana, on January 31, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Flowserve suggests that 73% of Dr. Enick's report pertains to Flowserve. This allotment of 5.5 hours of deposition testimony exceeds 73% of the default 7 hours of deposition time.